UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEDRIA D. WATSON, | Case No. 2:23-cv-01285-ART-BNW |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondents. | |

This action was initiated, *pro se*, on August 17, 2023, by Kedria D. Watson, an individual incarcerated at Nevada's Florence McClure Women's Correctional Center. On that date, Watson submitted to this Court a Notice of Appeal and a Designation of Record on Appeal. (ECF No. 1-1.) Watson did not submit a complaint or a petition for writ of habeas corpus.

Watson did not pay a filing fee. On August 23, 2023, Watson filed an application to proceed *in forma pauperis* (ECF No. 3). That application is incomplete because it does not include the required financial certificate signed by an authorized prison officer. Watson notes that a "[f]inancial certificate has been filed and will be ready soon." (*Id.* at 3.) However, the application to proceed *in forma pauperis* will be denied as moot, as this action will be dismissed for lack of subject matter jurisdiction.

It appears from the documents Watson has submitted that she is dissatisfied with the Nevada state courts' resolution of a motion for reduction of her sentence, and she seeks to appeal to this Court from the Nevada Court of Appeals' ruling affirming the denial of that motion. *See Watson v. State*, 2023 WL 4777823 (Nev. Ct. App. July 26, 2023) (affirming denial of motion to reduce sentence). But a federal district court does not have subject matter jurisdiction over an appeal from a ruling of a state court. *Cooper v. Ramos*, 704 F.3d 772, 777

1

(9th Cir. 2012); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Therefore, because this Court is without subject matter jurisdiction over an appeal from a state-court ruling, and because Watson has not submitted a complaint or a petition to properly initiate either a civil rights or habeas corpus action over which this Court would have jurisdiction, this action will be dismissed.

If Watson wishes to initiate a civil rights action or petition for writ of habeas corpus in this Court, she must submit a petition or complaint, on the correct form, and she must either pay the filing fee or file a fully completed application to proceed *in forma pauperis*, on the correct form and including the required financial certificate. The Court will send Watson the forms she would need to do so. Watson should not put the case number of this case on the documents she submits to initiate any new action.

It is therefore ordered that this action is dismissed. The Clerk of the Court is directed to enter judgment accordingly and close this case.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 3) is denied as moot.

///
///
///
///
///
///
///
///
///
///

2

1    It is further ordered that the Clerk of the Court is directed to send to

2   Petitioner:

3        -    two copies of the form for a petition for a writ of habeas corpus
         pursuant to 28 U.S.C. § 2254 by a person in state custody (not
4        sentenced to death),

5        -    two copies of the form for a civil rights complaint pursuant to
         42 U.S.C. § 1983,
6
         -    two copies of the form for an application to proceed *in forma*
7        *pauperis* (inmate packet).

8        DATED THIS 24th day of August, 2023.

9

10   _____
     ANNE R. TRAUM
11   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28